IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

Chauncey A. Williams,       )
      Petitioner,       )
                  )
v.       )       1:08cv27 (TSE/TCB)
                  )
Carole F. Wallace,       )
      Respondent.       )

FEB - 9 2009

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Chauncey A. Williams, a Virginia inmate proceeding pro se, filed this petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction of aggravated sexual battery

in the Circuit Court for Henrico County, Virginia. By Order dated August 16, 2008, respondent was

directed to show cause within sixty days why the writ should not be granted. On September 30,

2008, respondent filed a Rule 5 Answer, Motion to Dismiss the petition, memorandum of law in

support of that Motion, and the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1975) and Local Civil Rule 7(K). Petitioner was given the opportunity to file responsive materials,

and he has filed a response in the form of a brief and a statement of material facts. For the reasons

that follow, the petition must be dismissed. In addition, there presently are pending motions filed

by petitioner for leave to file an amended petition, and for discovery and inspection of documents.

Those motions are without merit and will be denied.

**I. Claims Presented**

Williams makes the following claims:

      A.      The Commonwealth did not show that he intended to sexually
                  abuse the victim, and that he did a direct ineffectual act [sic]
                  toward commission of the offense.

      B.      The indictment was insufficient to support the evidence.

C.    He received ineffective assistance of counsel because his
lawyer presented a shoddy defense.

## II. Background

On September 8, 2005, after a bench trial in the Circuit Court for Henrico County, Virginia, petitioner was convicted of one count of aggravated sexual battery in violation of Virginia Code § 18.2-67.3. The victim was the eleven-year-old daughter of petitioner's girlfriend. Resp. Ex. 2. Petitioner was sentenced to serve twenty (20) years in prison, with five years suspended. Resp. Ex. 1.

Petitioner appealed his conviction to the Court of Appeals of Virginia, raising the sole claim that the evidence was insufficient to prove his intent to molest the victim Resp. Ex. 2. On October 19, 2006, the appellate court denied the petition for appeal, on the holding that "[t]he Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of aggravated sexual battery." Williams v. Commonwealth, R. No. 0785-06-2, slip op. (Va. Ct. App. Oct. 19, 2006); Resp. Ex. 2 at 3. A three-judge panel denied review of that result, Resp. Ex. 3, and the Supreme Court of Virginia refused Williams' petition for appeal on July 2, 2007. Williams v. Commonwealth, R. No. 070114, slip. op. (Va. July 2, 2007); Resp. Ex. 4.

Meanwhile, on October 18, 2005, Williams filed a habeas corpus application in the Circuit Court of Henrico County, raising the same three claims he makes in this federal proceeding. Resp. Ex. 5. Because petitioner stated incorrectly that he had not taken a direct appeal, the circuit court dismissed his challenge to the sufficiency of the evidence on the authority of Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). The court also held that claim B as listed above,

2

challenging the sufficiency of the indictment, was barred by Slayton. Lastly, petitioner's allegation

that he was denied effective assistance of counsel was rejected on the merits, on the determination

that neither prong of the analysis required by Strickland v. Washington, 466 U.S. 688 (1984) had

been satisfied. Resp. Ex. 6.

Williams appealed that result, but incorrectly lodged his appeal at the Court of Appeals of

Virginia. That Court dismissed the appeal on June 27, 2006, but the Supreme Court of Virginia

vacated that order on December 12, 2006, on the ground that the "Court of Appeals does not have

jurisdiction to review appeals from the denial of a petition for writ of habeas corpus." Resp. Ex. 7.

The Virginia Supreme Court further determined that the notice of appeal was not timely filed with

the clerk of the trial court, in violation of Rule 5:9, and dismissed the appeal on that basis. Id.

Petitioner's motion for rehearing of that judgment was denied on March 8, 2007. Resp. Ex. 8.

On August 7, 2008, Williams filed a successive petition for a writ of habeas corpus in the

Supreme Court of Virginia, again raising the same claims he makes here. Resp. Ex. 9. On September

14, 2007, the petition was dismissed as an abuse of the writ under Virginia Code § 8.01-654(B)(2).

Resp. Ex. 10. This federal proceeding ensued on January 7, 2008.[1]

### III. Exhaustion and Procedural Default

The respondent acknowledges correctly that all of petitioner's claims are exhausted. Before

bringing a federal habeas petition, state prisoners must first exhaust their claims in the appropriate

state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S.

---

[1]A pleading submitted by a pro se prisoner is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991). Williams in this case certified that his habeas corpus petition was mailed to this Court on January 7, 2008. Docket # 1, Certificate of Service.

509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner must present the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. Duncan v. Henry, 513 U.S. 364 (1995). Williams has fulfilled this requirement as to each of his present claims.

However, where a claim has been rejected by a state court on the basis of its procedural default, the claim is likewise procedurally barred from federal review. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Here, Williams first raised claims B and C of this petition, challenging the sufficiency of the indictment and the effectiveness of his representation, respectively, in his state habeas corpus application to the Circuit Court of Henrico County. When that court dismissed Williams' petition, Williams initially failed to perfect an appeal of that decision in the Supreme Court of Virginia, and instead filed his appeal in the Court of Appeals of Virginia, which had no jurisdiction to entertain

4

an appeal from the denial of a writ of habeas corpus. See Virginia Dep't of Corrections v. Crowley, 227 Va. 254, 262, 316 S.E. 2d 439, 443 (1984). Williams' action thus amounted to an appellate default of his claims. Whitley v. Blair, 802 F.2d 1487 (4th Cir. 1986). Moreover, when the Virginia Supreme Court subsequently obtained jurisdiction of the appeal, it determined that the notice of appeal had been filed untimely in the trial court and dismissed the appeal on that basis. In such instances, where a petitioner for federal habeas relief failed to meet a state procedural requirement and the state court declined to address a claim on that basis, the state judgment rests on an independent and adequate state ground and constitutes a procedural default of the claim for purposes of the subsequent federal proceeding. Coleman v. Thompson, 895 F.2d 139 (4th Cir.)(late notice of appeal constituted procedural default upon which federal court could rely in dismissal of habeas petition), aff'd, 501 U.S. 722 (1991). Finally, Williams attempted to assert claims B and C in a successive habeas corpus application to the Virginia Supreme Court, which expressly dismissed Williams' petition as a abuse of the writ. Under these circumstances, claims B and C of this petition are procedurally defaulted from federal review.

Where, as here, claims are procedurally defaulted, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir.), cert. denied, 517 U.S.

5

1171 (1996).

In his Affidavit Showing Cause and Prejudice, Williams argues that his procedural default of claims B and C should be excused because he received ineffective assistance of counsel. Specifically, Williams alleges that trial counsel Ramona A. Taylor, Esquire, conducted inadequate pretrial preparations, failed to call "several witnesses" at trial, and failed to introduce evidence as to the psychological background of the complaining witness and the ongoing difficulties between that witness's father and petitioner. Williams further contends that he received ineffective assistance from appointed counsel on direct appeal, John W. Parsons, Esquire, who caused the appeal to be dismissed by failing to submit a Statement of Facts and the transcript. After attorney Parsons admitted in an affidavit that his error caused the appeal to be dismissed, Matthew T. Faulk, Esquire, was appointed to represent petitioner in the reinstated appeal, and petitioner asserts that Faulk "was not as effective as he was able to be" because trial counsel preserved insufficient issues for review.

Assuming *aguendo* that all of Williams' accusations against his various attorneys are true, they are insufficient to establish cause and prejudice for the procedural default of claims B and C of this federal petition. It is true that attorney error amounting to constitutionally ineffective assistance of counsel may provide the cause necessary to excuse a procedural default. See Coleman v. Thompson, 501 U.S. 722, 752-54 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986). Here, however, none of the allegedly deficient representation provided to petitioner was factually relevant to the procedural default of claims B and C, which did not occur at the trial or direct appeal levels where counsel were involved. Instead, as discussed above, those procedural defaults resulted from petitioner's pro se failures to lodge the appeal from the denial of his first state habeas corpus application in the appropriate court and to notice that appeal in a timely manner. As petitioner's

6

allegations of ineffective assistance do not establish cause and prejudice for the procedural default of claims B and C, those claims must be dismissed as barred from federal consideration. Harris, 489 U.S. at 262-63. Because Williams exhausted his remaining claim as required under 28 U.S.C. § 2254, it will be reviewed on the merits.

## IV. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410.

## V. Merits

In claim A, Williams argues as he did on direct appeal that the evidence was insufficient to show that he intended to sexually abuse the victim. On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after

viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443

U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings

of fact made by the state courts, and this presumption of correctness applies to facts found by both

trial and appellate courts. 28 U.S.C. § 2254(d); <u>Sumner v. Mata</u>, 449 U.S. 539, 546-47 (1981); <u>see</u>

<u>Wilson v. Greene</u>, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing <u>Wright v. West</u>, 505 U.S. 277, 292

(1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the

jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the

federal court must determine only whether the trier of fact made a rational decision to convict.

<u>Herrera v. Collins</u>, 506 U.S. 390, 402 (1993).

     The Virginia Court of Appeals summarized the evidence presented in this case as follows:

> [T]he evidence proved that the eleven-year-old victim was the
> daughter of appellant's girlfriend, Lisa Soto. The victim and her four
> brothers visited Soto and appellant every other weekend. On the
> weekend of June 11, 2004, the victim and appellant were wrestling on
> Soto's bed. The victim testified her brothers were not in the bedroom.
> While the victim was on her back, appellant opened her legs and laid
> on top of her. The victim testified appellant then rubbed her 'chest
> and butt' over her clothes. As appellant laid on top of the victim, the
> victim felt appellant's private part and described it as being 'hard.'
> Appellant also attempted to kiss the victim. Soto entered the
> bedroom, and the victim immediately told her what had happened.
> Soto told the victim that appellant was probably just playing around.
> The victim never returned to Soto's house.
>
> On July 6, 2004, the victim talked with Officer Parker about appellant
> touching her in June 2004. The victim told Parker appellant touched
> her another time and called her 'his girlfriend.' On July 15, 2004, the
> victim spoke to Detective Kopacki and Carolyn Funn, a social
> worker. Kopacki and Funn interviewed appellant, and he denied
> touching the victim inappropriately. Appellant stated he was never
> alone with the victim and denied being on Soto's bed with her.
> Appellant stated he might have accidentally touched the victim's

> chest when he wrestled with her and her brothers. Approximately one week later, appellant told Investigator Auditor that he been on the bed alone with the victim wrestling, tickling, and watching television.
>
> George Robinson was incarcerated with appellant at the Henrico County jail and testified appellant talked to him about the charge. Robinson testified appellant stated he wrestled with a girl and a boy on a bed. Appellant stated he put one of his legs between the girl's legs and fondled her vagina. Appellant stated the girl 'was liking it.' Robinson admitted he was awaiting sentencing on criminal charges and had a lengthy criminal record.

Williams, R. No. 0785-06-2, slip op. at 1-2. Rejecting petitioner's challenge to the sufficiency of the evidence, the court held:

> The trial judge heard the testimony of the witnesses and observed their demeanor. At the conclusion of the evidence, the trial judge necessarily found that appellant touched the eleven-year-old victim with the intent to sexually molest, arouse or gratify. Based upon a review of the record, there was sufficient evidence supporting the trial judge's verdict. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of aggravated sexual battery.

Id. at 3. The reasoning of the Court of Appeals of Virginia is imputed to the Supreme Court of Virginia, which refused the petition for appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

To prevail on his claim that the evidence was insufficient, petitioner must refute that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 318. Under Virginia law, sexual abuse is "an act committed with the intent to sexually molest, arouse or gratify any person, where ... [t]he accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts." Va. Code § 18.2-67.10(6). If a child less than 13 years of age is sexually abused, the offense is defined as

aggravated sexual battery. Va. Code § 18.2-67(3). "Intent is a state of mind that may be proved by an accused's acts or by his statements and that may be shown by circumstantial evidence." Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 673-74 (1995). Here, it is apparent that there was sufficient evidence presented of Williams' acts and statements to allow a rational trier of fact to conclude that he intended to, and did, commit the aggravated sexual battery of the victim. Accordingly, the decision of the Virginia Court of Appeals was neither "contrary to" nor "an unreasonable application of" federal law, cf. Williams, 529 U.S. at 412-13, and petitioner is not entitled to federal relief on his first claim.

## VI. Outstanding Motions

After the respondent was ordered to show cause why this petition should not be granted, petitioner filed a motion for leave to file an amended "complaint," along with a proposed amendment. Williams claims in the proposed amendment without meaningful explanation that his sentence is "excessive" based on his presentence report, and he asks this Court to reduce the remainder of years he must serve. It does not appear based on the record before this Court that such an argument has been properly exhausted in the courts of Virginia. Cf. 28 U.S.C. § 2254(b). However, even if the claim is exhausted, the contention that a state court has imposed a sentence that does not conform to state sentencing guidelines states no claim of federal constitutional dimension, and so will not support a claim for federal habeas corpus relief. See, e.g., Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988) (holding that a claim of error in state court sentencing raises only issues of state law and thus is not cognizable in a § 2254 petition, even when the claim is "couched in terms of equal protection and due process"). Therefore, as the proposed amendment to the petition states no federally-cognizable claim, it is unnecessary to examine whether the claim is exhausted, and

10

petitioner's motion for leave to file an amended complaint must be denied.

Petitioner has also filed two motions for leave of court to allow the discovery and inspection of documents and the transcript of grand jury proceedings, with the stated intent to ferret out inconsistencies between those materials and the subsequent trial testimony of various witnesses. As such information would be irrelevant to any issue currently before this Court, those motions must be denied.

## VII. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss the instant petition for a writ of habeas corpus will be granted, and the petition will be dismissed with prejudice. Petitioner's outstanding motions will be denied. An appropriate Order shall issue.

Entered this _____9th_____ day of _____February_____ 2009.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge

11